UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE.

2005 FEB 15 P 12: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| JULIAN MONTESINO <br>     PLAINTIFF, PRO-SE <br><br> VS. <br><br> BRUCE E. CHADBOURNE, AND THE IMMIGRATION AND NATURALIZATION SERVICE ("INS") CUSTOM SERVICE <br>     RESPONDENTS | CIVIL ACTION No._____ <br><br> 05-10319 RWZ <br><br> *Referred to New Magistrate Judge* |

COMPLAINT

INTRODUCTION

1. This is a complaint for Declaratory Judgement Action to declare that the defendant Immigration and naturalization Service ("INS") cannot legally continue to deprive him of his liberty by issuing a detainer warrant for his deportation as the plaintiff admits that he is an "Excludable" being held under the defendant's statutory grant of authority to detain excludable aliens 8 USC SECTION 1227.    The plaintiff states that he cannot be returned to Cuba and that therefore the defendant does not have the statutory authority to detain him Four times.   The plaintiff further states that he has a due process liberty interest under the United states constitution and that his detention as well as the proceedings employed by the respondent to justify detention violates

plaintiff's right to the due process and that his detention violates customary International Law and is therefore illegal.

## JURISDICTION

2.   This Court has jurisdiction pursuant to the Declaratory Judgement Act. 28 U.S.C.S. sec. 2201 and for a judicial review under 5 U.S.C.S. sec. 701 et seq. relating to Administrative proceedings arising under the Immigration and Nationality act. 8 U.S.C.S. 1182 and the jurisdiction is vested in this court pursuant to such status that are guaranteed by the Fourteenth Amendment to the United States Constitution.

## PARTIES

3.   The plaintiff Julian Montesino is a Naturalized Citzen of Cuba and is considered a "Excludable Alien" who is presently in the custody of the Commonwealth of Massachusetts and the Department of Correction, where he is presently housed at MCI-Norfolk, Post Office Box 43, Norfolk, Massachusetts 02056.

4.   The defendant Bruce E. Chadborne is the District Director of the Immigration and Naturalization Service, Custom Service loacted at JFK Federal Building, Room 1775, Government Center, Boston, Massachusetts and among other powers and duties of deportation proceedings.

2

FACTS

5. The plaintiff Julian Montesino, Pro-Se, is a native and citizen of Cuba having arrived in the United States On May 30, 1980, At Key West Florida as one of 100,000 Cuban refugees of the Mariel boatlift.

6. The plaintiff was immediately detained by order of the Immigration and Naturalization Service ("I.N.S.") because Cuba, my nation of citizenship would not accept my repatriation and I was shortly thereafter ordered deported in August 1980.

7. The plaintiff On September 22, 1982, some two years after detention the Immigration Naturalization service approved his parole release to a student program for detained Marriel Cubans or "Excludable Aliens".

8. On February 14, 1989, the plaintiff was arrested for minor criminal Offenses and was subsequently held in detention, whereby, on April 1989 I.N.S. issued a warrant and plaintiff remained in custody until his release On January 7, 1992, with an indefinite parole.

9. On March 3, 1999, the plaintiff was rearrested for minor offenses, a non-aggravated felony and ultimately detained and warrant issued by INS On July 1999, until plaintiff's release on parole on April 29, 2002

10. The plaintiff is presently incarcerated at the filing of this complaint for declaratory judgement, and is serving a sentence for possession of a class B substance for which I received a prison term and would be due for release, However, a warrant for my deportation has issued, thus depriving me of my liberty interest.

11. The plaintiff states that by revoking his parole and issuing a warrant pursuant to 8 U.S.C. Sec. 1182 (d)(5)(A) 1988. the defendant effectively deprived the plaintiff from parttaking in any meaningful prison programs such as minimium status work release, or any Community base program to reintergrate him back into society, as a result of the detainer INS filed that violates his right to due process of the Law under the United States Constitution.

12. The defendant's have not provided any good reason to believe that there is a significant likelihood of plaintiff's removal in the reasonably forseeable future, thus, the acts of the defendant to issue warrants detaining him constitutes an illegal deprivation of the plaintiff's rights under the law.

13. Plaintiff is entitled to a declaratory judgement declaring the acts of the defendant to issue a warrant or detainer for deportation when the plaintiff has been deported and is considered a "excludable alien", to be invalid, illegal, and deprivation of those rights secured to plaintiff and others similarly situated

by the United States Constitution.

14. The Plaintiff have no plain, complete and adequate remedy at law for the violation of his right as set forth in this complaint.

### CLAIM OF RELIEF

The Plaintiff repeats and realleges paragraphs 1-14 of this complaint as if fully set forth herein.

(a) The participation bt the defendant immigration naturaliation service ("INS") custom service in continuing to issue warrants for plaintiff for violation of Immigration parole without lawful authority pursuant 8 U.S.C. sec. 1182(d)(5)(A) 1988. Has violated and will in the future to violate, the rights of plaintiff as guaranteed by the Fourteenth Amendment to the United States Constitution, and (b) not to be subjected to the arbitrary exercise of power and deprived of the equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

Wherefore, plaintiff prayers that this court grant the following relief to him.

(a)  Enter a Declaratory Judgement that any actions taken, or to be taken by the defendant Attorney General as a member of the Immigration and Naturalization, Custom Service are unlawful and

5

in violation of the rights of plaintiff.

(b) Issue a preliminary injunction enjoining defendant (INS) from issuing the warrant that is preventing him from participating into Minimium security Community base work release programs as a member of INS detained status, in any way pending the final disposition of this action.

(c) Issue a permanent injunction barring the defendant INS from issing a detainer as an excludable alien until normal relation is established between Cuba and the United States where he can be repatriatated to his country.

(d) Grant the appropriate relief to plaintiff who has been prejudiced by the decision of parole review board or the Attorney General Of the United states.

(e) Grant such other relief as is just and equitable.

By the Plaintiff, pro-se

Julian Montesino
MCI-Norfolk
Post Office Box 43
Norfolk, Mass 02056

Dated: February 14, 2005

6

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Julian Montesino
MCI-Norfolk
Post Office Box 43
Norfolk, Mass 02056

**DEFENDANTS**
Bruce E. Chadborne
Immigration And Naturalization
Service ("INS") Custom Service

FILED
2005 FEB 15 12:46
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Cuban National

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  United States
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

None

ATTORNEYS (IF KNOWN)
05-10319 RWZ
Unknown

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
The Plaintiff has been adjudicated deported (by INS) and classified as "excludable alien" status, the continuing to isse warrant for my deportation is an violation under the U.S.Constitution

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**   ☐ UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) MONTESINO vs. Immigration and Naturalization Service, Custom Service

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
       *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05-10319 RWZ

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ✓

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ✓   NO ☐

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ✓   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ✓   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ None _____ Plaintiff Julian Montesino, pro-se
ADDRESS _____ MCI-Norfolk
TELEPHONE NO. _____ Post Office Box 43
Boston, Massachusetts 02056

(Att3Cover sheet local.wpd - 11/27/00)