UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN MONTESINO,<br>       Petitioner, | )<br>)<br>) |
| v. | )    CA #05-10319-RWZ<br>)<br>) |
| BRUCE CHADBOURNE, and the<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>       Respondents. | )<br>)<br>)<br>) |

### RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Introduction

Julian Montesino, ("Montesino"), presently committed by the Commonwealth of Massachusetts to the Norfolk County Correctional Institution, has filed the instant Complaint against federal immigration officials seeking an order of this Court rescinding a "detainer" issued by the Bureau of Immigrations and Customs Enforcement.[1] The "detainer," contends Montesino, is unlawful, and serves to preclude Montesino from opportunities to participate in prison programs and precludes his eligibility for early release.

In sum and substance, Montesino contends the detainer is unlawful because immigration officials have no reasonable likelihood of effecting his removal to Cuba. To the extent that federal officials would seek to detain Montesino, *for the purpose of effecting his removal*, that argument is indisputably correct. Nevertheless, as more fully described herein, Montesino's

---

[1] The authority exercised by the Attorney General and the Immigration and Naturalization Service ("INS") now resides in the Secretary of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") and Bureau of Citizenship and Immigration Services ("BCIS"). See Homeland Security Act of 2002, §§ 441(2), 442(a)(3), 451(b), 116 Stat. 2192, 6 U.S.C. §§ 251(2), 252(a)(3), 271(b) (2000 ed., Supp. II).

argument is incorrect as it simply disregards the authority of immigration officials to detain Petitioner for violating the terms of his parole. See infra, note 4; and 8 U.S.C. §1253.

Thus, the Complaint should be dismissed.

Facts[2]

Montesino arrived in the United States in 1980 as part of the "Mariel Boatlift."[3] Petition, ¶5. Montesino was ordered deported in 1980 and detained. However, Montesino was granted parole into the United States in 1982.[4] Petition, ¶6-7. Montesino was arrested "for minor criminal offenses" in 1989 and was subsequently detained by immigration officials until January 7, 1992, at which point he was again paroled. Petition, ¶8. In March of 1999, Montesino was again arrested "for minor offenses" and he was again detained from July 1999, through April 2002. Petition, ¶9.

---

[2] For purposes dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6), all factual allegations of the complaint are taken as true and liberally construed. The United States has attached a copy of the actual detainer, a document central to, but not included in, Montesino's complaint. Such inclusion does not serve to convert this motion into one for summary judgment. "[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988). See also, e.g., In re Computervision Corp. Securities Litigation, 869 F.Supp 56, 59-60 (D. Mass. 1994).

[3] In 1980, approximately 120,000 Cubans left the Mariel harbor in Cuba and crossed to the United States by boat. See, e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 390-91 (6th Cir. 2003).

[4] The INS detained the aliens at the border and decided to exclude them from entry into the United States. After this initial detention, Petitioner, like other Mariel Cubans, was granted conditional parole into the United States and released by the INS under § 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), which authorized the Attorney General in his discretion to parole into the United States any alien who is applying for admission to the United States.
 This parole is not to be "regarded as an admission," 8 U.S.C. § 1182(d)(5)(A), and Petitioner is "legally considered to be detained at the border and hence as never having effected entry into this country." Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001).

Montesino is presently incarcerated in the Massachusetts Correctional Institution in Norfolk County ("MCI-Norfolk") as a result of a state conviction for possession of a class B substance. Petition, ¶10. Montesino contends that he would be eligible for release from this sentence but for the detainer. Petition, ¶10. He further claims that the "detainer" precludes him from participating in prison programs such as " status work release" and thereby deprives him his right to "due process." Petition, ¶10-11.

Because the United States has no diplomatic relations with Cuba, and his removal is therefore presently impossible, Montestino seeks an order of this court vacating the detainer until such time as relations are established with Cuba. Petition, p. 5-6.

### Argument

I.   <u>The Detainer Is Entirely Lawful</u>

The Respondents readily concede that the detention of Montesino by immigration officials under 8 U.S.C. §1231 (the removal statute) for *the purpose of effecting removal* would be unlawful in light of the Supreme Court's recent decision in <u>Clark v. Suarez Martinez</u>, — U.S. —, 125 S.Ct.716 (2005). In <u>Clark</u>, the Supreme Court concluded that the removal statute, 8 U.S.C. § 1231, presumptively authorized detention of inadmissible (or "excludable")[5] aliens by immigration officials for six months, and, thereafter, authorized detention only where removal could be effected in the "foreseeable" future. <u>See</u> <u>also</u>, <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). Montesino correctly notes that he has been held, in the past, well in excess of six months by the

---

[5]As the Court in Clark noted, "[b]efore the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), aliens ineligible to enter the country were denominated 'excludable' and ordered 'deported.' 8 U.S.C. §§ 1182(a), 1251(a)(1)(A) (1994 ed.). Post-IIRIRA, such aliens are said to be 'inadmissible' and held to be 'removable.' 8 U.S.C. §§ 1182(a), 1229a(e)(2) (2000 ed.)." <u>Clark</u>, 125 S.Ct. at 721 n.2.

former INS.  See Petition, ¶8-9.  Similarly, Montesino correctly points out that there is no likelihood that his removal to Cuba could be effected in the "forseeable future."  See Clark, 125 S.Ct. at 727 (the government "concedes that it is no longer even involved in repatriation negotiations with Cuba").  Thus, Montestino may clearly not be indefinitely detained under the removal statute *for the purpose of effecting removal* where, as here, there is no likelihood that the removal may be effected in the foreseeable future.  See Clark, supra.

Such a conclusion, however, is unavailing.  Montestino is an excludable alien, paroled into the United States pursuant to § 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), who has committed a criminal offense (and is presently incarcerated by the state as a result), possession of a class B substance, a violation of the terms of that parole.  Petition, ¶10.  As a consequence, Montesino may be lawfully detained by immigration officials upon his release from state custody for *violating the terms of his parole*.  Section 1253 provides:

> An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 1231(a)(3) of this title or knowingly give false information in response to an inquiry under such section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

8 U.S.C. §1253(b).

The Supreme Court expressly recognized the effect of this authority in Clark.  In the relevant portion of the opinion, the Court addressed a mootness claim regarding the status of a co-petitioner, Daniel Benitez.  During the pendency of the appeal, Benitez had been granted a one year parole from federal custody.  Rejecting the mootness claim as to Benitez, the Court noted:

> Despite Benitez's release on a 1-year parole, this case continues to present a live case or controversy.  If Benitez is correct, as his suit contends, that the Government lacks the authority to continue to detain him, he would have to be

>released, and could not be taken back into custody *unless he violated the conditions of release (in which case detention would be authorized by 8 U.S.C. § 1253),* or his detention became necessary to effectuate his removal (in which case detention would once again be authorized by § 1231(a)(6).

Clark, 125 S.Ct. at 721 n.3 (emphasis added).

Montesino, who has admittedly violated the terms of his parole (by committing a criminal offense) may be detained for violation of the terms of his parole upon completion of the state sentence. Consequently, the "detainer," requesting that state authorities inform immigration officials of Montesino's pending release, is entirely appropriate.

II.     Claims Challenging Conditions of State Confinement Should Be Brought Against State, Not Federal, Authorities

To the extent that Montesino challenges the consequences that flow from the detainer under state law, *i.e.*, disqualification from early release programs, *etc.*, such a claim is appropriately pursued against state (not federal) authorities. The federal respondents in this action have no control over state regulations or the consequences which the state wishes to attach to prisoners subject to entirely legal immigration detainers. Indeed, the detainer expressly provides, "This is for notification purposes only and does not limit your discretion in any detention affecting the offender's classification, work and quarters assignment, or other treatment which he or she would otherwise receive." See Detainer, attached hereto as Exhibit 1.

While the Respondents take no position as to the legality of state regulations, it is worthy of note that federal courts have consistently held that immigration detainers give rise to no constitutional claims with regard to federal inmates. See, e.g., Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (rejecting inmate claim that detainer "adversely affect[ed] his prison classification and qualification for institutional programs" because "Congress has given federal

5

prison officials full discretion to control these conditions of confinement"); Walford v. INS, 48 F.3d 477, 478 (10th Cir. 1995) (same); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (same).

## Conclusion

As the detainer at issue is wholly lawful, the Respondents request that the instant Complaint be dismissed.

          Respectfully submitted,

          MICHAEL SULLIVAN
          United States Attorney


          /s/ Mark J. Grady
          Mark J. Grady, Assistant U.S. Attorney
          John J. Moakley Courthouse
          One Courthouse Way, Suite 9200
          Boston, MA 02210
          (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 21st day of March 2005, service of the foregoing Memorandum has been made upon the Petitioner by first class mail.

          /s/ Mark J. Grady
          Mark J. Grady
          Assistant United States Attorney

W83813

File No. A 23 602 225
Date: 7/19/04

| TO: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| MCI Concord<br>PO Box 9106<br>Concord MA 01742 | DHS/ICE<br>JFK Federal Bldg.<br>Boston MA 02203 |

Name of alien: MONTESINOS, Julian      PED: 8/29/2005

Date of birth: 2/16/54     Nationality: Cuba     Sex: M

You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ .
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

☒ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling 617-565-3304 during business hours or 617-989-6624 after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office.   ☐ A self-addressed stamped envelope is enclosed for your convenience.   ☐ Please return a signed copy via facsimile to _____ .
(Area code and facsimile number)

Return fax to the attention of _____ , at _____ .
(Name of INS officer handling case)          (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____ .

_____         Special Agent
(Signature of INS official)                        (Title of INS official)

☒ Receipt acknowledged:

Date of latest conviction: 6/21/04     Latest conviction charge: Traff Cocaine
Estimated release date: 8/29/05
Signature and title of official: _____

Form I-247 (Rev. 4-1-97) !