```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JULIAN MONTESINO,                )
                                 )
          Petitioner,            )
                                 )
     v.                          )   C.A. No. 05-10319-RWZ
                                 )
BRUCE CHADBOURNE, et al.,        )
                                 )
          Respondents.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) this action is construed as a habeas action pursuant to 28 U.S.C. § 2241 and the clerk is directed to correct the docket; (2) the Court's assessment of the $250 filing fee is revoked and the clerk is directed to notify the Treasurer's Office at MCI Norfolk that the filing fee for this action has been completely waived; and (3) this action is summarily dismissed.

BACKGROUND

Montesino is a native and citizen of Cuba, who entered this country in 1980 as a Mariel Cuban refugee.[1] Montesino, like other Mariel Cubans, was granted conditional parole into the United States and released by the Immigration and Naturalization Service[2] pursuant to § 212(d)(5) of the Immigration and

---

[1] Mariel Cuban is the term used to describe those Cubans who came to the United States in 1980 seeking asylum, many of whom traveled from the port city of Mariel, Cuba. See Rodriguez v. Thornburgh, 831 F. Supp. 810, 811 (D. Kan. 1993).

[2] The Immigration and Naturalization Service of the United States Department of Justice ("INS") was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002)

Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), which authorized the Attorney General in his discretion to parole into the United States any alien who is applying for admission to the United States.[3]

Since Montesino's parole into the United States, he has had several arrests and convictions for minor criminal offenses. Montesino is presently incarcerated at MCI Norfolk as a result of a Massachusetts conviction for possession of a class B substance. As a consequence of this conviction, Montesino may be lawfully detained by immigration officials upon his release from state custody pursuant to 8 U.S.C. § 1253 for violating the terms of his parole.

On July 19, 2004, while Montesino was serving his sentence, the ICE filed a detainer[4] with Massachusetts prison officials based on Montesino's conviction. Although Montesino may be detained by immigration officials for violation of the terms of

---

("HSA"). The authority exercised by the Attorney General and the INS now resides in the Secretary of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") and Bureau of Citizenship and Immigration Services ("BCIS"). Id.; Homeland Security Act of 2002, §§ 441(2), 442(a)(3), 451(b), 116 Stat. 2192, 6 U.S.C. §§ 251(2), 252(a)(3), 271(b) (2000 ed., Supp. II).

[3]Montesino's parole is not to be "regarded as an admission [into the United States]," 8 U.S.C. § 1182(d)(5)(A), and he is "legally considered to be detained at the border and hence as never having effected entry into this country." Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001).

[4]Form I-247 (Rev. 4-1-97)(Immigration Detainer - Notice of Action).

his parole, he is still serving out his state sentence and is not in custody of the Bureau of Immigration and Customs Enforcement.

Montesino filed the instant action on February 15, 2005, seeking to challenge the immigration detainer arguing (1) the government does not have diplomatic relations with Cuba and therefore has no reasonable likelihood of effecting petitioner's removal to Cuba upon his release from state custody; and (2) the detainer adversely affected Mr. Montesino's prison classification.

Respondent Bruce Chadbourne and the Department of Homeland Security moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 7, 2005, Montesino filed a copy of a recent classification report issued by MCI Norfolk that references, among other things, the ICE detainer.

## DISCUSSION

I.  <u>The Complaint Is Construed as a Habeas Petition</u>

Montesino initiated this action by filing a complaint seeking equitable relief.  At that time, the Court treated the action as a civil action subject to the filing fee requirements of the Prison Litigation Reform Act and assessed Montesino the $250.00 filing fee for civil actions.

Because a habeas corpus petition is often the appropriate means to challenge a detainer, the Court construes Montesino's pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  As such, the Court completely waives the $5.00

filing fee and finds that petitioner is not obligated to pay, pursuant to 28 U.S.C. § 1915, the $250.00 filing fee for civil complaints. The clerk will be directed to notify the Treasurer's Office at MCI Norfolk that the filing fee for this action has been completely waived.

II. <u>Review</u>

Although the Court construes this action under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).

III. <u>Analysis</u>

Although the Court now construes this action under the habeas rules, the same case law and analysis relied on by the respondents in support of their motion to dismiss are equally applicable.

A.  <u>Montesino Is not in Immigration Custody</u>

As an initial matter, the filing of an immigration detainer merely notifies Massachusetts officials that the Bureau of Immigration and Customs Enforcement will, in the future, be making a decision regarding Montesino's immigration status and does not create custody supporting habeas corpus jurisdiction. An immigration detainer only constitutes a notice that the INS will seek custody of the prisoner in the future and a request for prior notice with regard to the end of his confinement on a criminal sentence; it does not confer custody to the INS. <u>See Kendall v. INS</u>, 261 F. Supp. 2d 296, 300-01 (S.D.N.Y. 2003)(characterizing petitioner's challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including <u>Roldan v. Racette</u>, 984 F.2d 85, 88 (2d Cir. 1993); <u>Campillo v. Sullivan</u>, 853 F.2d 593, 595 (8th Cir. 1988); and <u>Prieto v. Gluch</u>, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). Because a detainer is only a notice and does not alter a prisoner's status as a custodial detainee of the prison system, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed

in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." Campillo, 853 F.2d at 595.

    B.    Montesino Does not Have a Claim Under Martinez

The Court finds that the immigration detainer does not, at present, violate the dictates of Clark v. Martinez, Nos. 03-878, 03-7434, 2005 WL 50099, 125 S. Ct. 716 (2005)(the Supreme Court extended to inadmissible aliens (such as Montesino) the 6-month presumptive detention period prescribed in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)). Under Martinez, an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of 8 U.S.C. § 1231(a)(1), where there is no significant likelihood of removal in the reasonable foreseeable future. The Court is mindful, and the respondents acknowledge, that the United States has no diplomatic relations with Cuba and, at the present time, Montesino's removal to Cuba would be impossible. However, Montesino fails to state a reviewable claim under Martinez because he is still serving his state sentence and is not in custody of immigration officials. Accordingly, the Court will dismiss this action without prejudice to his right to bring a habeas action at a later time.

    C.    Montesino's Department of Correction Classification

To the extent Montesino claims that the respondents violated his due process rights, it has been held that the mere lodging of a detainer does not violate a federal prisoner's due process

6

rights. Moody v. Daggett, 429 U.S. 78, 86, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Moreover, an adverse impact on a prisoner's classification and his eligibility for institutional programs is not sufficient to invoke due process. Id. at 88 n. 9, 97 S.Ct. 274.

## CONCLUSION

Based upon the foregoing, it is hereby

ORDERED, the Clerk shall correct the docket to list the cause of action for this case under 28 U.S.C. § 2241; and it is further

ORDERED, the portion of the February 22, 2005 Order that assesses Montesino a $250.00 filing fee, see Docket No. 5, is hereby REVOKED. The Clerk is directed to notify the Treasurer's Office at MCI Norfolk as well as ths Court's Financial Office that the $5.00 filing fee for this action has been completely waived; and it is further

ORDERED, this action is summarily dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this  26th  day of May , 2005.

                                 /s Rya W. Zobel
                                 RYA W. ZOBEL
                                 UNITED STATES DISTRICT JUDGE